UNITED STATES of America

v.

Domenic GULLIA, Appellant in No. 71–1126,

Charles Giammatteo.

Appeal of Charles GIAMMATTEO, in No. 71–1024.

Nos. 71–1024, 71–1126.

United States Court of Appeals, Third Circuit.

Argued June 25, 1971.

Decided Nov. 5, 1971.

Stanton D. Levenson, Levenson & Snyder, Pittsburgh, Pa., for appellants.

James M. Seif, Asst. U. S. Atty., Pittsburgh, Pa. (Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., on the brief), for appellee.

Before BIGGS and ROSENN, Circuit Judges and KRAFT, District Judge.

## OPINION OF THE COURT

KRAFT, District Judge.

Charles Giammatteo, one of the appellants, was charged, in eleven counts,[1] with aiding and abetting Patricia Cristina, a bank teller, in the embezzlement of substantial sums from the bank which employed her, Domenic Gullia, the other appellant, was charged, in a single count[2] of the same indictment, with having wilfully endeavored by means of intimidation or force or threats thereof to obstruct, delay or prevent the communication of information by Mrs. Cristina to the FBI concerning the crimes with which Giammatteo was charged.

Mrs. Cristina, indicted for embezzlement, had earlier entered a guilty plea and testified as a prosecution witness at appellants' trial, which began September 30, 1969. The issues were submitted to the jury shortly before noon on October 16, 1969. The trial judge, who was obliged to attend a Third Circuit Sentencing Institute at Morgantown, West Virginia, left Pittsburgh that afternoon, giving instructions that any verdict reached be sealed and that the jury then be permitted to separate. The jury returned a sealed verdict at 7:35 P.M. and separated.

The court reconvened on Monday, October 20, 1969, to receive the verdict. When that part of the verdict pertaining to appellant, Giammatteo, had been read by the clerk, but before the entire verdict was read or recorded, the proceedings were interrupted by a woman juror who stated:

"I want to ask you something before this starts, could I have a talk with you, Judge?"

The judge expressed his concern over the irregularity of the request and, when the juror pressed, asked the opinion of counsel. Both appellants' counsel approved the juror's request. Thereupon the trial judge, the juror, government counsel, appellants' counsel and the court reporter withdrew to the trial judge's chambers where all participated in a colloquy lasting about forty minutes.[3]

Though both were present in the courtroom neither appellant was invited to be present nor was either advised of his right to be present or of his right to object to such a conference.

In summary, a careful reading of the transcript of the conference discloses that: the juror had agreed to the sealed verdict with some reluctance; the juror, in the interim, had discussed the case and the verdict with her husband; the juror had some religious scruples about sitting in judgment upon another; the juror had been unable to sleep since the verdict was sealed and was still somewhat emotionally disturbed; the trial judge correctly instructed the juror, again and again, during the conference upon the meaning of "aids, abets, coun-

---

1.  18 U.S.C. §§ 2, 656.

2.  18 U.S.C. § 1510.

3.  n. t. 1600–1626.

sels, commands, induces or procures"; the trial judge permitted counsel present to supplement and explain the trial judge's instructions to the juror; in response to the juror's question " * * * [w]hat would happen, Judge, if I held out?", the trial judge answered: " * * * [i]t would mean that we have just wasted two weeks, that is all." Upon objection to the use by the trial judge of the word "waste" his revised reply was: "It would just be a misemployment of time."

When the conference terminated, proceedings were resumed in open court with appellants, their counsel, and all jurors present. The trial judge then reiterated his instructions and explanation of "aid and abet," etc., and repeated, as well, his instruction that a verdict must be unanimous and that one juror need not be guided by the majority. The jury then withdrew to engage in further deliberation. Appellants' motions for a mistrial were denied. Thereafter the jury returned and rendered verdicts of guilty against each appellant on each of the pertinent counts of the indictment. The trial judge denied appellants' timely post-trial motions and imposed sentence.

We conclude that there was error here. The initial instinct of the trial judge to regard as irregular the juror's request for a private talk was sound. We find that it was not only irregular, but error to give additional instructions to the extent and of the type here given to one juror in the absence of the remaining jurors. "Undoubtedly communications between the court and the jury should be made in the presence of all of the jurors; * * *" Beaty v. United States, 213 F.2d 712, 722 (4 Cir. 1954).

Without more, the trial judge's statement to this juror that her failure to agree " * * * [w]ould mean that we have just wasted two weeks, that is all" may well have been a sufficient pressure upon an already disturbed and reluctant juror to induce her to abandon any doubt and to join in the verdict.

In view of our disposition it is unnecessary to consider the contention that the instructions complained of were given in appellants' absence. Appellants' remaining points have been reviewed and found to be without merit.

For the reasons stated the judgments of conviction and sentence will be reversed and the cause remanded to the District Court with directions to proceed consistently with this opinion.